IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**CYNTHIA L.-B.** on behalf of
**I. B.-Y.** (a minor child),[1]

    Plaintiff,

v.

**NANCY BERRYHILL,** Acting
Commissioner of Social Security,

    Defendant.

No. 3:17-cv-01793-MO

OPINION AND ORDER

**MOSMAN, J.,**

    Cynthia L.-B., on behalf of her minor child I. B.-Y. ("Plaintiff"), seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Supplemental Security Income (SSI) under Title XVI of the Social Security Act ("the Act"). For the reasons set forth below, the decision of the Commissioner is REVERSED and this case is REMANDED for further proceedings.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the adult nongovernmental party in this case. Initials are used for the first and last name of the minor child nongovernmental party in this case.

1 – OPINION AND ORDER

## BACKGROUND

A. Plaintiff's Application for SSI Benefits

Plaintiff's mother, Cynthia L.-B., filed an application for SSI on behalf of Plaintiff on November 27, 2013. Tr. 18. Plaintiff is alleged to have been disabled since his birth in April 2011. Tr. 18. An administrative hearing was held on February 9, 2016, before an administrative law judge (ALJ). Tr. 18. Plaintiff was represented by counsel at the hearing and a Medical Expert was the only witness to testify. Tr. 18. The ALJ held a supplemental hearing on February 25, 2016, in which Plaintiff was again represented by counsel. Both Plaintiff and Plaintiff's mother testified at the supplemental hearing. Tr. 18. The ALJ then issued an opinion finding that Plaintiff was not disabled. Tr. 36. Plaintiff timely requested review by the Appeals Council. Tr. 1. The Appeals Council denied Plaintiff's request for review on September 6, 2017, making the ALJ's determination that Plaintiff was not disabled the final decision of the Commissioner. Tr. 1. Plaintiff then timely filed this action challenging the Commissioner's decision.

B. The Three-Step Analysis

A child claimant under the age of eighteen is disabled if he can demonstrate "a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). Pursuant to 20 C.F.R. § 416.924(a), a child's disability claim is assessed according to a three-step sequential evaluation process. In the first step, the ALJ must determine whether the child is engaged in "substantial gainful activity." 20 C.F.R. § 416.924(b). Substantial gainful activity is defined as work involving significant mental or physical activities of the sort usually done for

pay or profit. 20 C.F.R. § 416.972. If the child is engaged in substantial gainful activity, he is not disabled within the meaning of the Act. 20 C.F.R. § 416.924(b). If the child is not performing substantial gainful activity, the analysis proceeds to step two. In step two, the ALJ must determine if the child suffers from a medically determinable impairment that is "severe." 20 C.F.R. § 416.924(c). An impairment or combination of impairments is "severe" if it is more than "a slight abnormality or combination of slight abnormalities that causes no more than minimal functional limitations." *Id.* If the claimant has a severe impairment, the analysis proceeds to step three. In step three, the ALJ must determine if the child's severe impairment meets, medically equals, or functionally equals one or more of the presumptively disabling impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. If an impairment meets the criteria of a listed impairment, then the child is considered disabled. 20 C.F.R. § 416.924(d)(1). If the impairment does not meet, medically equal, or functionally equal the severity of one or more of the listed impairments, then the child is not disabled under the Act. 20 C.F.R. § 416.924(d)(2).

C. The ALJ's Findings in This Case

The ALJ performed the three-step sequential process for determining whether a child claimant is disabled. *See* 20 C.F.R. § 416.924(a). At step one, the ALJ stated that Plaintiff had not engaged in substantial gainful activity since the date of application for benefits. Tr. 21. At step two, the ALJ determined that Plaintiff had two severe impairments: anxiety disorder and speech disorder. Tr. 21. In finding these impairments severe, the ALJ placed "great weight" on the opinion of the Medical Expert, who testified at the administrative hearing about Plaintiff's medical record. *Id.* At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met, medically equaled, or functionally equaled

the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ again gave "great weight" to the Medical Expert's opinion at step three. Tr. 22. Because the ALJ determined that Plaintiff's impairments did not meet, medically equal, or functionally equal the severity of one of the listed impairments, Plaintiff was not disabled under the Act.

## STANDARD OF REVIEW

A district court must affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). In reviewing the Commissioner's alleged errors, a court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's interpretation must be upheld even if the evidence is susceptible to several rational interpretations. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). The Commissioner's decision will not be reversed for harmless error. *Id.*

## DISCUSSION

The parties agree that the ALJ erred in evaluating the opinion of the Medical Expert at step three of the sequential evaluation process and, therefore, that this case should be remanded to the Commissioner. The only issue that I must decide is whether benefits should be awarded immediately upon remand or whether further proceedings are warranted. Because I am not convinced that the record has been fully developed, I remand this case to the Commissioner for further proceedings.

A. The ALJ's Error

After determining that Plaintiff had the severe impairments of anxiety disorder and speech disorder, the ALJ was required to determine if the severity of Plaintiff's impairments met, medically equaled, or functionally equaled the severity of one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 416.924(d). The ALJ and the Medical Expert agreed that the appropriate listing was 112.06, "Anxiety Disorders." 20 C.F.R. Part 404, Subpart P, Appendix 1, § 112.06 (2015). The criteria for listing 112.06 was met if a claimant satisfied the requirements of two paragraphs: paragraph A and paragraph B.[2] *Id.* To satisfy paragraph A, a claimant was required to have medically documented findings of at least one of seven factors. *Id.* Paragraph B had different requirements for children between ages one and three and for children aged three and older. To satisfy paragraph B, a claimant between the ages of one and three was required to have medically documented findings of at least one out of four factors. *Id.* A claimant aged three and older was required to have medically documented findings of at least two out of the four factors. *Id.*

Because Plaintiff was four years old at the time of the administrative hearing and disability was alleged starting at Plaintiff's birth, the ALJ was required to assess listing 112.06 for both the time when Plaintiff was between the ages of one and three and the time when Plaintiff was aged three and older. The ALJ correctly asked the Medical Expert to testify about both time periods. The Medical Expert stated that Plaintiff met the requirements of paragraph A in listing 112.06. Tr. 54–56. The Medical Expert also stated that Plaintiff met the criteria for

---

[2] I review the Commissioner's decision using the regulations in effect at the time of that decision. Because the ALJ's opinion was issued on March 25, 2016, and the 2016 edition of 20 C.F.R. Part 404, Subpart P, Appendix 1 was issued on April 1, 2016, I review the Commissioner's decision using the 2015 edition of the regulations.

5 – OPINION AND ORDER

one of the factors in paragraph B for the period between ages one and three. Tr. 57–58. Moving to the period when Plaintiff was three and older, the Medical Expert was more equivocal. First, the Medical Expert concluded that the medically documented finding that satisfied paragraph B when Plaintiff was between the ages of one and three was not documented when Plaintiff was aged three and older. Tr. 58–59. Regarding the remaining three factors in paragraph B, the Medical Expert stated that he believed one factor was met when Plaintiff was age three and older and two other factors lacked specific evidence in the record. Tr. 59–60.

The ALJ claimed to place "great weight" on the opinion of the Medical Expert at step three of the sequential analysis, finding that Plaintiff did not have an impairment or combination of impairments that met, medically equaled, or functionally equalled the severity of one of the listed impairments. Tr. 22. But that finding contradicts the Medical Expert's testimony. *See* Tr. 54–58. By stating that Plaintiff satisfied one factor from paragraph A and one factor from paragraph B, the Medical Expert testified that Plaintiff met the requirements for listing 112.06 between ages one and three. *See id.*; 20 C.F.R. Part 404, Subpart P, Appendix 1 § 112.06. By assigning "great weight" to the Medical Expert's opinion while coming to a contrary conclusion, the ALJ implicitly rejected the Medical Expert's opinion. Because the ALJ did not offer specific reasons for rejecting the testimony of the Medical Expert, the ALJ's decision was not based on "substantial evidence." *See Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). This error was not harmless and Commissioner's decision must therefore be reversed and remanded.

B. Remand for Further Proceedings

Under 42 U.S.C. § 405(g), a district court "shall have the power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Whether to remand for further proceedings is a

decision that is based on the likely utility of such proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000). A remand for an award of benefits is appropriate "only in 'rare circumstances' where no useful purpose would be served by further administrative proceedings and the record has been fully developed." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100 (9th Cir. 2014) (quoting *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir.2012); *Moisa v. Barnhart*, 367 F.3d 882, 886 (9th Cir. 2004)). Whether to deviate from the ordinary rule that a case should be remanded to the Commissioner for further proceedings is a decision that is within the discretion of the Court. *Id.*

Although the Commissioner concedes that the ALJ erred, the parties disagree about the utility of further administrative proceedings. There is no dispute that the Medical Expert testified that Plaintiff met the requirements for listing 112.06 between the ages of one and three. Def.'s Br. [21] at 4. But this testimony does not necessarily support a finding that the requirements of listing 112.06 were met. In order to find that Plaintiff's social functioning met the requirements of listing 112.06, the ALJ was required to reference documentation by an "appropriate standardized test" or "other medical findings of an equivalent abnormality of social functioning." 20 C.F.R. Part 404, Subpart P, Appendix 1 § 112.02 B.1(c). The Medical Expert testified that he believed Plaintiff had "social function at a level generally acquired by children no more than one-half the child's chronological age." Tr. 57. Whether the Medical Expert relied upon the type of documentation required by listing 112.06 to arrive at this conclusion is an issue that is not resolved by the present administrative record. Remand for further proceedings would allow the parties to further develop the record with respect to the severity of Plaintiff's impairment between the ages of one and three.

Despite Plaintiff's argument to the contrary, the Medical Expert's testimony regarding the severity of Plaintiff's impairment does not suggest that Plaintiff met the requirements for listing 112.06 at age three and older. The Medical Expert initially stated that Plaintiff satisfied one of the paragraph B factors: "marked impairment in age-appropriate cognitive/communicative function." Tr. 58; 20 C.F.R. Part 404, Subpart P, Appendix 1 § 112.02 B.2(a). But the Medical Expert withdrew that opinion after realizing that the exhibit he had relied on documented Plaintiff's impairment prior to age three. Tr. 59. The Medical Expert further testified that he believed Plaintiff met one factor and did not have enough evidence to offer an opinion on the remaining two factors. Because the Medical Expert did not offer testimony that Plaintiff satisfied the requirements of listing 112.06 by medically documented findings of at least two out of four factors in paragraph B, this is not a case in which a remand for the award of benefits is appropriate. Remand for further proceedings will allow the parties to further develop the administrative record regarding whether the requirements for listing 112.06 were met for the period when Plaintiff was aged three and older.

## CONCLUSION

For the reasons stated above, the decision of the Commissioner is REVERSED and this case is REMANDED for further proceedings.

IT IS SO ORDERED.

DATED this ___ day of December, 2018.

MICHAEL W. MOSMAN
Chief United States District Judge